IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACKIE G. MILLER,

        Petitioner,

vs.                                     Case No. 13-cv-1078-DRH

WILLIAMSON COUNTY
CORRECTIONAL CENTER,
BENNIE VICK,
and CHARLES GARNATI,

        Respondents.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

       Petitioner, by counsel, brings this habeas corpus action to challenge the constitutionality of his confinement as a pre-trial detainee in the Williamson County Correctional Center (Jail). The petition was filed on October 17, 2013. The petition does not specifically invoke either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Because it alleges that petitioner is being held pending a trial, he does not appear to be "in custody pursuant to a judgment of a State court" within the meaning of § 2254. Accordingly, the petition shall be construed as having been brought pursuant to § 2241. *See Neville v. Cavanagh*, 611 F.2d 673, 674 (7th Cir. 1979) ("federal courts in certain instances have jurisdiction under 28 U.S.C. § 2241(c)(3)" to grant writ to pre-trial detainee in state custody; citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).

**The Petition**

Petitioner alleges that there is a pending charge against him in Williamson County Case No. 2012-CM-363 (Doc. 1, p. 2, ¶ 7). Petitioner "previously" spent 185 days in custody in the Williamson County Jail on that charge. The documents attached to the petition show that petitioner has two pending cases, one in Franklin County, Case No. 11-CF-236 (Doc. 2-1, pp. 1, 3-6), and the other in Williamson County, Case No. 2012-CM-176 (Doc. 2-1, p. 2). No documents are included from Williamson County Case No. 2012-CM-363. The Court can only surmise that either petitioner stated the incorrect Williamson County case number in the body of the petition, or there is a third case against him, also brought in Williamson County.

According to the petition, respondent Garnati (the Williamson County State's Attorney) "filed said charge after [petitioner] was released from custody on the exact same Petition to Revoke his bail as evidenced by the attached documents" (Doc. 1, p. 2, ¶ 8).

The documents from the Franklin County case indicate that petitioner was charged with aggravated domestic battery and unlawful restraint in June 2011 (Doc. 2-1, p. 3). He was quickly released on cash bond, which was revoked in July 2011. He was re-released on a recognizance bond on September 6, 2011, to obtain medical treatment. A condition of his release was that he not have contact with witness Patricia Russell. On February 17, 2012, the Franklin County State's Attorney filed a Second Petition to Revoke Bond alleging that petitioner had communicated numerous times with Ms. Russell in a harassing manner between

December 9, 2011, and February 14, 2012. *Id*. The docket sheet from the Franklin County case reflects that petitioner appeared in court on February 22, 2012, in custody, and that his previous bond was reinstated on that date as the complaining witness did not appear (Doc. 2-1, p. 6).

The single document from Williamson County is the criminal information filed on March 22, 2012, in Case No. 12-CM-176, charging petitioner with violation of bail bond (Doc. 2-1, p. 2). It alleges that on February 8, 2012, within Williamson County, petitioner had contact with Patricia Russell by phone, in violation of a condition of his Franklin County bond. The petition does not indicate the date when petitioner was taken into custody by Williamson County authorities.

Petitioner now argues that because his "bond was reinstated in said case" (the Franklin County matter), "said charge [in Williamson County] was brought in violation of the Illinois Rules of Professional Conduct, Rule 3.8"[1] (Doc. 1, p. 2, ¶ 9). Further, the State's Attorney has the duty to safeguard the constitutional rights of all, including the petitioner. Garnati's alleged "misconduct" has now "tainted the entirety of the cases of [petitioner], wherein he is not able to get a hearing free of relief." *Id*. at ¶ 11. Petitioner then asks for all charges against him to be dismissed. He asserts that he is being held "in violation of statute and law," and that his time in custody has exceeded the time required by the Constitution

---

[1] Illinois Rule of Professional Conduct 3.8 is titled, "Special Responsibilities of a Prosecutor" and provides, in pertinent part: "The duty of a public prosecutor is to seek justice, not merely to convict. The prosecutor in a criminal case shall: (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause[.]"

(Doc. 1, pp. 2-3, ¶¶ 13-14). He concludes by requesting an order granting his immediate release.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition and exhibits in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed, albeit without prejudice.

Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings unless "special circumstances" exist. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Such special circumstances are generally limited to issues of double jeopardy and speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573. Moreover, in the interest of comity between federal and state courts, a habeas petitioner must

exhaust his state court remedies before seeking relief in federal court. *Braden*, 410 U.S. at 490-92; *Neville*, 611 F.2d at 675.

Even in the situation where a person who is the subject of a pending state proceeding has exhausted his state remedies by appealing to the highest state court, the Seventh Circuit has explained that the *Younger* doctrine would permit federal habeas relief only where "immediate federal intervention is necessary to prevent the challenge [to the legality of his custody] from becoming moot." *Sweeney*, 612 F.3d at 573 (prisoner facing commitment as a "sexually violent person" moved to dismiss state case, exhausted state interlocutory appeal, then applied for federal habeas relief while state commitment proceeding was still pending). Either a speedy trial challenge or a double jeopardy challenge would meet this test, because postponing the consideration of a federal habeas claim until the end of the state proceeding would mean that any relief would come too late to prevent the violation of the prisoner's rights. *Id.*; *see also Neville*, 611 F.2d at 676 (contrasting a double jeopardy claimaint, who has already "endured the rigors of a criminal trial," with a petitioner who has not yet been tried on any pending indictment).

In petitioner's case, he gives no indication that he has even attempted to exhaust his potential remedies within the state courts, let alone completed the presentation of his claims to the highest state court where he may obtain review. In order to exhaust a claim, a federal habeas petitioner must provide the state courts with an opportunity to resolve his constitutional challenge "by invoking one

complete round of the state's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, (1999).

Aside from the apparent failure to exhaust in state court, the *Younger* doctrine directs that this Court should abstain from interjecting itself into the state's prosecution of its cases against petitioner. He is being held by Williamson County on a misdemeanor charge of having violated the terms of his Franklin County bond, because he allegedly contacted a witness by phone. He also faces the two original felony charges in Franklin County. Not only does he seek release from custody on the Williamson County charge, he seeks dismissal of all the charges against him.

Under *Younger*, federal courts are required to abstain from interference in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). The *Younger* abstention doctrine is implicated here because the ongoing proceedings in both counties are judicial in nature and involve the important state interest of adjudicating violations of state criminal laws. Further, there is no indication that the state proceedings would not provide petitioner with an adequate opportunity for review of any constitutional claims. And finally, no

extraordinary circumstances are apparent which require federal intervention at this stage.

Petitioner hints at a speedy trial issue when he says that he "is being held beyond the time required by the Constitution of the United States" (Doc. 1, p. 3). However, state courts are competent to address speedy trial rights. This Court will assume that state procedures will provide petitioner with an adequate remedy, in the absence of unambiguous authority to the contrary. *FreeEats.com v. Indiana*, 502 F.3d 590, 598 (7th Cir. 2007). The petition is silent as to when petitioner was taken into custody, whether he has made a speedy trial demand, and if so, how the state court has responded. While he states that he was "previously" held for 185 days in custody on Williamson County Case No. 2012-CM-363 (the case for which no documents were provided), the petition does not indicate when that custody occurred, or how it relates to his current custody. These allegations are not sufficient for the Court to conclude that federal intervention is necessary at this time in order to prevent a violation of petitioner's constitutional right to a speedy trial.

The petition also seems to suggest that the Williamson County charge may implicate double jeopardy concerns, insofar as that charge was based on conduct that triggered the Franklin County petition to revoke bond. However, it is not at all clear whether jeopardy attached in the Franklin County proceeding in which the revocation petition was dismissed, or whether the same acts gave rise to the proceedings in both counties.

None of the other grounds raised by petitioner implicate a constitutional right that would allow for federal habeas relief, which can only be granted under § 2241 if the applicant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

> The only basis for granting federal habeas relief is a violation of federal statutory or constitutional law. *Mosley v. Moran*, 798 F.2d 182, 185 (7th Cir. 1986). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982).

*Cole v. Young*, 817 F.2d 412, 416 (7th Cir. 1987).

The alleged violation by State's Attorney Garnati of an Illinois Rule of Professional Conduct does not rise to the level of a constitutional harm. Rule 3.8 is an ethical rule to set standards of conduct for public prosecutors, particularly where the prosecutor's action would affect the constitutional rights of criminal defendants.[2] However, this Court is unaware of any authority stating that a violation of this rule, even if proven, is *per se* a violation of the corresponding constitutional right.

To the extent that petitioner may be implying that Garnati brought the Williamson County charge in bad faith, which may allow for an exception to *Younger* abstention, the petition does not establish grounds for relief on that basis. A federal court may halt the progress of a pending state criminal

---

[2] The official comment to the Illinois Rules of Professional Conduct includes the language quoted by petitioner ("The state's attorney in his official capacity is the representative of all the people, including the defendant, and it was as much his duty to safeguard the constitutional rights of the defendant as those of any other citizen." *People v. Cochran*, 313 Ill. 508, 526 (1924)) (Doc. 2, p. 2, ¶ 10). The comment further states that, "Rule 3.8 is intended to remind prosecutors that the touchstone of ethical conduct is the duty to act fairly, honestly, and honorably."

proceeding on a "showing of bad faith, harassment, or any other unusual circumstances that call for equitable relief." *Younger v. Harris*, 401 U.S. 37, 54 (1971); *Arkebauer v. Kiley,* 985 F.2d 1351, 1358 (7th Cir. 1993). However, these exceptions provide only a very narrow gate for federal intervention in pending state criminal proceedings, as illustrated in a long line of Supreme Court cases. *Arkebauer*, 985 F.2d at 1358 (citing *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (in the *Younger* context, bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction") and *Huffman v. Pursue*, *Ltd.*, 420 U.S. 592, 611 (1975) (referring to "these narrow exceptions")).

The Seventh Circuit has further elaborated on these standards in finding that "[t]he harm posed by bad faith prosecution [must be] both immediate and great, and defending against the state proceedings would not be an adequate remedy at law because it would not ensure protection of the plaintiff's federal constitutional rights." *Collins v. County of Kendall*, *Ill.*, 807 F.2d 95, 98 (7th Cir. 1986), *cert. denied*, 483 U.S. 1005 (1987). When a plaintiff asserts bad faith prosecution as a *Younger* exception,

> [the plaintiff] must allege specific facts to support an inference of bad faith. "The *Younger* rule, as applied in *Hicks* [*v. Miranda*, 422 U.S. 332 (1975)], requires more than a mere allegation and more than a 'conclusory' finding to bring a case within the harassment exception." *Grandco Corp. v. Rochford*, 536 F.2d 197, 203 (7th Cir. 1976). This specific evidence must show that state prosecution "was brought in bad faith for the purpose of retaliating for or deterring the exercise of constitutionally protected rights." *Wilson* [*v. Thompson*], 593 F.2d [1375] at 1383 [(5th Cir. 1979)].

*Collins*, 807 F.2d at 98; *see also Arkebauer*, 985 F.3d at 1358-59.

The pleadings herein show that petitioner's bond was reinstated in Franklin County after the complaining witness did not appear at his February 22, 2012, revocation hearing. The Williamson County charge states that petitioner engaged in conduct in Williamson County on February 8, which violated his bond conditions. The Williamson County violation may have been one of the acts that gave rise to the earlier petition to revoke bond filed in Franklin County. However, these facts alone do not lead to a conclusion that Garnati brought the Williamson County charge in bad faith in order to retaliate against petitioner or deter him from exercising any rights.

To summarize, the petition, as pled, does not present any basis for this Court to intervene in either of the pending state prosecutions or to order petitioner's release from state custody at this time. Therefore, the petition shall be dismissed, albeit without prejudice. Out of an abundance of caution, the Court shall afford petitioner the opportunity to submit an amended petition in order to more clearly present his grounds for federal habeas relief, as specified below. Based on the facts presented in the original pleading and the relevant law as discussed herein, the amended petition shall be limited to addressing the constitutionality of petitioner's confinement on speedy trial and/or double jeopardy grounds. The amended petition must also explain what steps, if any, petitioner has taken to exhaust his remedies on these issues in state court.

Further, petitioner is advised that neither the "Williamson County Correctional Center" nor State's Attorney Garnati is a proper respondent in a habeas action. Both shall be dismissed as parties. The respondent in a habeas corpus proceeding is the person who has immediate custody over the petitioner. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Rules 2(a) and (b) of the Rules Governing § 2254 Cases in the United States District Courts. A jail or institution is not a person. The only proper respondent in a habeas action for an incarcerated prisoner is his custodian – the *warden* of the prison or jail (which may or may not be Sheriff Bennie Vick). *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); *see also Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005) (any respondent who is not the prisoner's custodian should be dropped from the action). The attorney general of a state may be named as a respondent only if the petitioner is not currently confined, but expects to be taken into custody. *Hogan*, 97 F.3d at 190. While the charges brought by State's Attorney Garnati are at issue in this case, he is not the Attorney General of Illinois, nor is he petitioner's custodian; thus he should not be named as a respondent herein.

**Disposition**

**IT IS THEREFORE ORDERED** that the petition (Doc. 1) is **DISMISSED** without prejudice. Respondents **WILLIAMSON COUNTY CORRECTIONAL CENTER** and **CHARLES GARNATI** are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this matter, petitioner shall file his First Amended Petition within 21 days of the entry of this order November 29, 2013. An amended petition supersedes and replaces the original pleading, rendering the original petition void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original petition. Thus, the First Amended Petition must stand on its own, without reference to any other pleading. Should the First Amended Petition not conform to these requirements, it shall be stricken. Petitioner must also re-file any exhibits he wishes the Court to consider along with the First Amended Petition. Failure to file an amended petition shall result in the dismissal of this action without prejudice.

No response shall be ordered until after the Court completes its preliminary review of the First Amended Petition, and then only if the petition survives review under Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

**IT IS SO ORDERED.**

**DATED: November 7, 2013**

David R. Herndon
2013.11.07
16:37:32 -06'00'

**Chief Judge**
**United States District Court**